THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, PROSECUTOR, v. DIVISION OF TAX APPEALS, ETC., ET AL., DEFENDANTS.

Submitted January 16, 1945—Decided July 24, 1945.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PERSKIE.

For the prosecutor, *Edward P. Stout.*

For the defendants, *Milton B. Conford.*

The opinion of the court was delivered by

DONGES, J.   These writs of *certiorari* bring up judgments of the State Board of Tax Appeals (now the Division of Tax Appeals in the State Department of Taxation and Finance) fixing the assessment for the purposes of local taxation of a property in Union City for the years 1942 and 1943.   The property in question is a five-story and basement apartment house constructed in 1924 and containing 126 apartments. The assessment of $30,000 upon the land is not challenged. For the year 1942 the State Board fixed the valuation of the building at $300,000 and for the year 1943 at $270,000. The taxpayer by its writs challenges both these determinations and contends that the value of the improvement is no greater than $200,000, at which it was assessed for the years 1940 and 1941.   The City of Union City, contending that $300,000 was the true value, was allowed a writ of *certiorari* to review the judgment with respect to the 1943 levy.   How-

ever, the position now taken by the city is that the valuation· of $270,000 was proper for both years. Accordingly it abandons its writ of *certiorari* and consents to a reduction in the assessment for 1942 to $270,000.

The judgment of the State Board of Tax Appeals is presumptively correct and the burden is upon the party attacking it to overcome that presumption. *Colonial Life Insurance Company of America* v. *State Board,* 126 *N. J. L.* 197. This court does not disturb the judgment of the State Board on questions of fact unless the evidence is persuasive that the Board erred. *Lawrence Township* v. *State Board,* 124 *Id.* 465.

The evidence given before the State Board consisted of the testimony of an expert, Gorlin, on behalf of the prosecutor and that of an expert, Limouze, on behalf of the city. Gorlin testified to a value of $204,000 for the building, basing his result upon a calculation of capitalization of the income received from the property by the prosecutor. He used the actual income and expense figures supplied by the taxpayer and capitalized the actual net income. Limouze also capitalized income to arrive at a valuation of $300,000, but, instead of using actual figures of expense, he based his calculation upon what the costs and expenses should in his opinion have been, in the light of general practice and results, according to his experience, in the operation and management of similar enterprises.

These witnesses also gave evidence in the depositions taken under the writs, in which they supported their estimates of value by testimony as to the replacement cost less depreciation. Other witnesses testified on depositions for the city. One Rubenstein testified to a value of $270,000. Although he testified to sales of other apartment houses in nearby communities, he likewise based his valuation principally upon a calculation of what he thought the net income of the property should be, with proper management, and capitalized that figure. Frank DeRiso, a builder of wide experience in the construction of large buildings, testified to a sound value of the building of $304,000.

The prosecutor criticizes the testimony of the city's witnesses because of the failure to use the actual expense figures

supplied by the taxpayer, but we see no impropriety in the use by an expert witness of his experience and his knowledge of the general practices of property owners throughout the community in operating apartment houses. Income is an element to be considered, but it is not conclusive in fixing value for the purpose of taxation. *Gibbs* v. *State Board,* 101 *N. J. L.* 371. Considering all of the testimony we cannot say that we are persuaded that the valuation of $270,000 is erroneous. The prosecutor has not borne the burden cast upon it of overcoming the presumption of the correctness of the assessment.

We do not think that the history of lower assessments in prior years is conclusive upon the city in view of the testimony above referred to and in view of the evidence that property values in the neighborhood had been enhanced by the completion of the Lincoln Tunnel and that there has been a general up-trend in apartment house value in the vicinity.

In accordance with the consent of the city the 1942 assessment will be reduced to $270,000 and both judgments in that sum affirmed.